|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

Craig Ivan Gilbert,

        Petitioner

    v.

Eric Bossi, et al.,

        Respondents

Case No. 2:20-cv-00385-JAD-NJK

**Order Dismissing Petition and Denying Motions**

[ECF Nos. 1, 4]

Petitioner Craig Ivan Gilbert has filed what he has styled as a *pro se* habeas corpus petition that is not on the court-required form. Gilbert has also failed to submit an application to proceed *in forma pauperis* or pay the filing fee, though he did submit a handwritten statement attesting that he has no income or assets. As a result, this matter has not been properly commenced.[1]

Gilbert also has not presented his claims to the highest Nevada state court. According to Gilbert, a pretrial detainee, the state district court has ordered him involuntarily committed for mental-health treatment and forcibly medicated.[2] He characterizes his commitment as "kidnapping . . . for purpose of commercially exploiting his intellect over federal communication commission regulated air waves and other commercial venues."[3]

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.[4] A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal

---

[1] 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

[2] ECF No. 1-1; ECF No. 3.

[3] ECF No. 1-1.

[4] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

1

habeas petition.[5]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[6]

Here, Gilbert states that the commitment and involuntary medication order is dated March 20, 2020.[7]  The court takes judicial notice of the fact that Gilbert did not first exhaust his state-court remedies.  Accordingly, this federal petition must be dismissed without prejudice, and Gilbert's pending motions are denied as moot.

**Order**

IT IS THEREFORE ORDERED that the Clerk is directed to DETACH AND FILE THE PETITION (ECF No. 1-1).

IT IS FURTHER ORDERED that **the petition is DISMISSED** without prejudice.

IT IS FURTHER ORDERED that **a certificate of appealability is DENIED**.

IT IS FURTHER ORDERED that petitioner's incomplete application to proceed in forma pauperis and motion to make file correction **[ECF Nos. 1, 4] are DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: April 14, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

[6] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[7] ECF No. 3 at 4.